FILED
SEP 2 6 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TIMOTHY WAYNE GUESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 1603** |
| | ) | |
| ERIC HOLDER, | ) | |
| U.S. Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

It appears that the plaintiff is serving a term of imprisonment imposed by the United States District for the Eastern District of Virginia upon his conviction for various drug and weapons offenses. *See* Compl. at 4, 5. Generally, he alleges that the statutes under which he was prosecuted and sentenced were not properly enacted, that the sentencing court lacked subject matter jurisdiction over his criminal case, resulting in his false imprisonment. The plaintiff brings a claim against the Attorney General under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and asks the Court to declare the statutes invalid and to order his immediate release.

The Court construes the complaint as a challenge to the legality of the plaintiff's criminal sentence. He must present such a claim to the sentencing court in a motion under 28 U.S.C. § 2255. *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion

under Section 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added).

Accordingly, the Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

                                                                           /s/ Ellen S. Huvelle
                                                                           United States District Judge

DATE: 9/20/12